IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIE BELMONTE JR.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-281**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2024-D-41)

**BRYSTAL BELMONTE,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Willie Belmonte, Jr. ("Husband") appeals the Family Court of Jefferson County's April 25, 2024, final divorce order which distributed the parties' property despite his failure to appear for the final hearing due to being incarcerated. Respondent Brystal Belmonte ("Wife") responded in support of the family court's decision.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's decision and remanding for further proceedings consistent with this decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on June 15, 2014, and separated on November 1, 2022. No children were born of the marriage. Wife filed for divorce on February 27, 2024, alleging irreconcilable differences and separation of more than one year as her grounds. In her financial statement, Wife listed real estate valued at $300,000 as her separate property and two vehicles as marital property. Husband was incarcerated at the time Wife filed for divorce and during the divorce proceedings.

Husband filed an answer on March 28, 2024, admitting to irreconcilable differences. Husband also stated in his answer that he was not seeking spousal support but that the parties had a joint bank account that was primarily used by Wife. As relief, Husband requested that Wife be awarded the home and its furnishings, both vehicles, and that she be held responsible for the accompanying debt for said property. Husband also requested one-half of the equity in the home and both vehicles as well as half of the bank account

---

[1] Both parties are self-represented.

1

funds. Husband filed a financial affidavit on April 2, 2024, in order to be appointed a guardian ad litem ("GAL").

The final hearing was held on April 11, 2024, for which Husband failed to appear. The final order was entered on April 25, 2024, and held the following:

1. The parties previously divided marital assets and debt.
2. Both parties were afforded the opportunity to consult legal counsel.
3. Husband was provided a financial affidavit but failed to complete and file it with the court, thereby preventing the appointment of a GAL to represent his interests.
4. The parties were divorced on the ground of irreconcilable differences.
5. Wife shall have the vehicle in her possession and be responsible for any indebtedness associated with it.
6. Husband shall have the vehicle in his possession and be responsible for any indebtedness associated with it.
7. Husband may request a review or modification of equitable distribution upon his release from incarceration.
8. Each party shall be responsible for the debts solely in their respective names.
9. Both parties waived spousal support.
10. Both parties are barred from future claims to the other person's retirement account(s).

It is from the April 25, 2024, final order that Husband now appeals. For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises one assignment of error. He asserts that the family court erroneously found that he failed to complete and file his financial affidavit which prevented him from being appointed a GAL to represent his best interests in the divorce proceedings. We agree.

2

In a letter sent to Husband dated March 14, 2024, the family court instructed Husband to complete the enclosed financial affidavit and return it to the court within twenty (20) days. The family court stated that, if the financial affidavit was timely received, a guardian ad litem would be appointed to represent his interests. A review of the record reflects that Husband completed his financial affidavit and filed it on April 2, 2024, nineteen days after the letter was sent. Thus, the family court erroneously held that Husband failed to timely file his financial affidavit. Accordingly, we vacate the April 25, 2024, final divorce order and remand to the Family Court of Jefferson County with directions to conduct a new hearing and appoint a GAL for Husband to allow him the opportunity to meaningfully participate in the divorce proceedings.

Vacated, and Remanded with Directions.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear